# United States Court of Appeals for the Tenth Circuit
## OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 31 2005

GREGORY C. LANGHAM
CLERK

October 31, 2005

Mr. Daryl L. Kingsolver
Fremont Correctional Facility
#59458, 7-N-305
P.O. Box 999
Canon City, CO 81215-0999

Mr. John W. Suthers
Attorney General
Ms. Christine C. Brady
State of Colorado
Department of Law
1525 Sherman Street, 5th Floor
Denver, CO 80203

    Re:    05-1387, Kingsolver v. Ray
           Dist/Ag docket: 00-CV-1102 D

Dear Mr. Kingsolver and Counsel:

    Enclosed is a copy of an order entered today in this case.

    Please contact this office if you have questions.

Sincerely,

Clerk, Court of Appeals

By: *[signature]*
Deputy Clerk

clk:afw
Enclosure

cc:    Gregory C. Langham, Clerk

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

DARYL L. KINGSOLVER,

Petitioner,

v.

CHARLES RAY, Warden,

Respondent.

No. 05-1387

ORDER

Filed October 31, 2005

Before **KELLY, LUCERO,** and **McCONNELL,** Circuit Judges.

This matter is before the court based on a motion by Daryl L. Kingsolver under the Antiterrorism and Effective Death Penalty Act (AEDPA) for authorization to file a second or successive 28 U.S.C. § 2254 petition. Mr. Kingsolver seeks to raise a variety of claims based on his 1988 convictions in state court for first degree sexual assault and third degree sexual assault.

After careful review, the court concludes that Mr. Kingsolver has failed to make a prima facie showing that satisfies either of the AEDPA criteria in 28 U.S.C. § 2244(b)(2).

*See* 28 U.S.C. § 2244(b)(3)(C). Mr. Kingsolver fails to establish that his claims rely on a new rule of constitutional law made retroactive to cases on collateral review by the United States Supreme Court that was previously unavailable, *see* § 2244(b)(2)(A), or that the factual predicate for his claims could not have been discovered previously through the exercise of due diligence, *see* § 2244(b)(2)(B). Furthermore, the Supreme Court has not expressly held *Blakely v. Washington,* 542 U.S. 296 (2004), or *Apprendi v. New Jersey,* 530 U.S. 466 (2000), retroactive for purposes of authorizing second or successive § 2254 petitions. *See Tyler v. Cain,* 533 U.S. 656, 663 (2001) ("[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive"); *see also Leonard v. United States,* 383 F.3d 1146, 1148 (10th Cir. 2004) (*per curiam*) (*Blakely* may not be applied retroactively to second or successive § 2255 motions); *Browning v. United States,* 241 F.3d. 1262, 1265 (10th Cir. 2001) (*en banc*) (*Apprendi* does not apply retroactively to successive habeas petitions).

The motion for authorization is **DENIED**. The matter is **DISMISSED**.

This order "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court,
Douglas E. Cressler, Acting Clerk